In the Fourth Court Of Appeals

Fourth Court Of Appeals District

San Antonio Texas Bexar County

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 MAY 12 PM 1: 34

KEITH E. HOTTLE
CLERK E. HOTTLE CLERK

Maryann Castro

v.

Manuel Castro

Re: Court Of Appeals Number: 04-14-00785-CV

Trial Court Case 2011 –CI-15957

### NOTICE OF Motion for Spousal Maintence

**TO THE HONARABLE JUSTICES OF THE FOURTH COURT OF APPEAL:**

This motion is filed by Appellant MaryAnn Castro who prays the court an entry of an order granting this motion of spousal maintence.

In Counsel Joseph Appelt motion to withdrawal as appellee Manuel Castro Counsel dated May 8, 2015 knowing his Appellee Brief was due April 29,2015 and did not file any ,motion in delay ,withdrawal or even the Appellee Brief that was pending the outcome of this case.

Appellee Joseph Appelt has abused the law, and abused Appellant Maryann Castro which is stated in her Appellant brief with evidence of fraud and hiding a martial asset.

Counsel Joseph Appelt states in his withdrawal it would not harm the other party which is Appellant Maryann Castro it has harmed Appellant Maryann Castro in the following.

A) BSI THE HOME MORTGAGE WAS NOT GETTING PAID BY HIS CLIENT Appellee Manuel Castro OWES 73967.02

B) USING A COMPARATIVE MARKET ANALYSIS-OVERVALUED THE COMMUNITY AT 351,375 A RELATORS OPINION PREPARED BY APPELLEE MANUEL CASTRO MISTRESS ARCHIE MARMEJO.

C) IN THE COURT OF JUDGE SALINAS-SARAH LISHMAN COUNSEL WAS THE SEPT 29,2014 IT WAS FOUND BOTH COUNSELS DINORAH DIAZ AND COUNSEL JOSEPH APPELT PROCESSED A DIVORCE LIFT STAY WAS NEVER FILED AND COUNSEL JOSEPH APPELT KNEW THIS AND HID FROM THE COURT JUDGE SALINAS AND APPELLAANT MARYANN CASTRO AND STILL PROCEEDED IN TRYING TO GET APPELLEE MANUEL CASTRO 40,000 IN FRAUD EQUITY USING A

REALTORS OPINION AND HIDING AN ACTIVE BANKRUPTCY ALMOST HURTING APPELLANT MARYANN CASTRO IN LOOSING THE COMMUNITY TO FORECLOSURE ON 1/6/2015.

D) CERTIFIED APPRASAL 1501 OLIVE IS 225,000 COUNSEL JOSEPH APPELT DID NOT ALLOW JUSTICE TO BE SERVED.

E) FINAL DECREE OF DIVORCE OCT 30,2012 HIDING A KEOGH PLAN PENSION AND 99 SUBARU WITH JUDGE LITTLEJOHN SIGNATURE HE WAS DOING THIS TO HURT APPELLANT MARYANN CASTRO KNOWING IN THE AGREEMENT FOR FINAL DIVORCE HE DID NOT LIST THESE TWO MARTIAL ASSETS.

F) APPELLEE MANUEL CASTRO WAS NOT PAYING THE HOME MORTGAGE AND OR ABOUT AUG 31,2012 FILED BANKRUPTCY PUT THE COMMUNITY IN BANKRUPTCY COURT WITHOUT NOTIFYING APPELANT MARYANN CASTRO AND HID THAT BIG PIECE OF A FINALCIAL MATTER THAT HURT THE OTHER PARTY AS STATED BY COUNSEL JOSEPH APPELT HE HAS ABUSED THE LAW TO HURT APPELLANT MARYANN CASTRO HIS CLIENT APPELLE MANUEL CASTRO OWED 220000 ON THE NOTE AND HAD NOT MADE ONE MORTGAGE PAYMENT WAS IN ARREAR 73,967.02 AND APPELLANT MANUEL CASTRO AND COUNSEL JOSEPH APPELT HID THAT FROM THE COURT JUDGE 10/30/13 AND APPELLANT MARYANN CASTRO ALMOST LOOSING HER HOME INTO FORECLOSURE 1/6/2015.

G) MARYANN CASTRO IS DISABLED BEGAN MARCH 22,2001 AND IS CURRENT BENEFIT AMOUNT IS 864.00 AND IT HAS HURT THE OTHER PARTY APPELLANT MARYANN AND HAS BEEN SUFFERING PAIN DEPRESSION AND FINANCIALLY DUE TO THE FRAUD AGREEMENT THAT WAS PRESENTED ENFORCE ABUSED THE LAW KNOWING APPELLANT MARYANN CASTRO WAS CHALLENGING THE AGREEMENT SET UP WITH FRAUD TO HURT APPELLANT MARYANN CASTRO BY COUNSEL JOSEPH APPELT ON 10/30/13. THE STATE BAR HAS BEEN NOTIFED OF COUNSEL JOSEPH APPELT LEGAL MALPRACTICE PROCESSING A DIVORCE IN ACTIVE BANKRUPTCY OVER VALUE THE COMMUNITY USING A REALTORS OPINION AND HIDING A MARTIAL ASSET KEOGH PLAN PENSION 99 SUBARU.

H) IN 2013 THERE ARE TWO DOCTORS WHO KNOW OF APPELLANT MARYANN CASTRO DISABILTY AND COUNSEL JOSEPH APPELT HAD ABUSED THE LAW BY HIDING THIS DISABILTY APPELLANT MARYANN CASTRO HAD DURING THE MARRIAGE AND HAS NOT STOPPED THE MEDICAL VISITS TO GET THE MEDICAL CARE SHE NEEDS AND APPELLANT HAS BEEN HARMED BY COUNSEL JOSEPH APPELT CONINUED ABUSE, ATTACKING APPELLANT MARYANN CASTRO IN HIS ATTEMPT TO DRAG ON THIS AGREEMENT FOR FINAL DIVORCE THAT APPELLANT MARYANN CASTRO HAS BEEN CHALLENGING DUE TO FRAUD COMMITED BY Counsel Joseph Appelt and his client Appellee Manuel Castro and the non-spouse mistress Christina Pacheco.

I) Appellee Manuel Castro used the Community funds to pay for his extra martial affair with Christina Pacheco instead of paying the home mortgage Appellee Counsel Joseph Appelt statement in his motion to withdrawal filed 5/8/2015 knowing his brief was due 4/29/15 Counsel Joseph Appelt says it has not harmed the other party it has caused pain extreme depression as to where Appellant Maryann Castro did not want to live she has suffered and Counsel Joseph Appelt continues to Abuse the law as he has in over three years. Appellee Manuel Castro mistress was harassing Appellant Maryann Castro during the marriage and in the process of divorce and in challenging the Agreement for final divorce it was Appellee

Mistress who brought in the fraud in overvaluing the community shared by Appellant Maryann Castro and Appellee Manuel Castro she went to as far as calling the home mortgage and sending a picture via text.

J) Appellant Maryann Castro is not employed she is disabled she had had to seek employment due to Appellee Manuel Castro fraud attempt in foreclosing on the home mortgage he had not made one payment and tried to collect fraud equity of 40,000.

K) Appellant Maryann Castro has been harmed in the Agreement for final divorce she has type 2 diabetes, had breast cancer in remission, multiple tumors in thyroid, cyst in the throat, cyst in the foot, acid reflux, high blood pressure. And now there is a chance she has bone cancer in her right foot on 8/20/15 surgery will be done and testing. Appellant Maryann Castro cannot stand up too long and is in extreme pain suffering and cannot suffer any more stress caused by Counsel Joseph Appelt and Appellee Manuel Castro. And Counsel Joseph Appelt the other party your statement as to it will not harm Appellant Maryann Castro it will.

L) Appellant Maryann Castro prays for the court to award Appellant Maryann Castro her request as stated in her Appellant brief before discharging Counsel Joseph Appelt who committed the legal malpractice which has been reported to the state bar Appellant Maryann Castro was the one who abided by the Court and turned in a timely manner Appellant Maryann Castro brief with evidence of fraud conspired by Counsel Joseph Appelt to commit fraud for his client Appellee Manuel Castro and his mistress Christina Pacheco and that was to harm the other party as stated in his motion to withdrawal

M) knowing his case was in Appeals Court and his Appellee Brief was due 4/29/15 and he failed to communicate on time and turn in his Appellee Brief but files a motion to withdrawal on May 8,2015 Appellant Maryann Castro prays for Justice to be served in the Agreement for Final Divorce so that it will stop harming her as Counsel Joseph Appelt stated it has not harmed the other party.

Appellant Maryann Castro
prays for Justice
Respectfully - Filed 5/12/15
Maryann Castro - Pro se Appellant
1501 Olive
Jourdanton TX 78026
830 - 496-0133
PAc Attitude 2014@gmail.com

U41400785
FOURTH COURT OF APPE/
SAN ANTONIO, TEX
5/8/2015 5:27:28
KEITH HOT
CLE

NO. 04-14-00785-CV

## IN THE FOURTH COURT OF APPEALS
## SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/8/2015 5:27:28 PM
KEITH E. HOTTLE
Clerk

### MANUEL CASTRO
### VS.
### MARY ANN CASTRO

---

## NOTICE OF MOTION FOR WITHDRAWAL OF COUNSEL

JOSEPH P. APPELT,P.C.
ATTORNEY AT LAW
5825 CALLGHAN RD., STE. 104
SAN ANTONIO, TEXAS 78228
210-375-1212 TELEPHONE
210-375-1213 FAX
EMAIL: JPAPPELT@GMAIL.COM
ATTORNEY FOR MANUEL CASTRO

### TO THE HONARABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

This Motion for Withdrawal of Counsel is brought by JOSEPH P. APPELT, who is attorney of record for MANUEL G. CASTRO. Joseph P. Appelt, requests the Court to grant him permission to withdraw as attorney for MANUEL G. CASTRO in this case. In support, Joseph P. Appelt shows:

Good cause exists for withdrawal of Joseph P. Appelt, as counsel for Petitioner, MANUEL G. CASTRO, due to a conflict arising between Attorney and Client which prevents effective representation.

*[handwritten: 624 W Goodwin Pleasanton TX 78064]*

A copy of this motion has been delivered to MANUEL G. CASTRO, who is hereby notified in writing of his right to object to this motion. The last known address of *[handwritten: sisters address]* MANUEL G. CASTRO is P.O. Box 47776, San Antonio, Texas 78265.

There is no setting pending in this case. *[handwritten: its in appeals]*

Both sides have served discovery requests to the other. *[handwritten: Not in appeals Court.]*

There have not been any oral depositions in this case. *There was an oral deposition made by Dineal Diaz*

An entry of an order granting this motion and discharging Movant as attorney of record for MANUEL G. CASTRO would not harm the other party. *Yes it would*

## NOTICE TO CLIENT

You are hereby notified that this Motion for Withdrawal of Counsel is set for hearing at the time and place stated below. You do not have to agree to this motion. If you wish to contest the withdrawal of Joseph P. Appelt as your attorney, you should appear at the hearing. If you do not oppose Joseph P. Appelt's withdrawal as your attorney, you may notify Joseph P. Appelt in writing of your consent to this motion.

Joseph P. Appelt prays that Court enter an order discharging him as attorney of record for MANUEL G. CASTRO.

Respectfully Submitted,

Joseph P. Appelt, P.C.
5825 Callaghan Rd., Ste. 104
San Antonio, Texas 78228
210/375-1212 (Telephone)
210/375-1213 (Telecopier)

By: _____
JOSEPH P. APPELT
SBN: 00789809
ATTORNEY FOR MANUEL G. CASTRO

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on May 8, 2015.

_____
JOSEPH P. APPELT
Attorney for MANUEL G. CASTRO



# COURT OF APPEALS

| | | |
|---|---|---|
| SANDEE BRYAN MARION | FOURTH COURT OF APPEALS DISTRICT | KEITH E. HOTTLE |
| CHIEF JUSTICE | CADENA-REEVES JUSTICE CENTER | CLERK OF COURT |
| KAREN ANGELINI | 300 DOLOROSA, SUITE 3200 | |
| MARIALYN BARNARD | SAN ANTONIO, TEXAS 78205-3037 | |
| REBECA C. MARTINEZ | WWW.TXCOURTS.GOV/4THCOA.ASPX | TELEPHONE |
| PATRICIA O. ALVAREZ | | (210) 335-2635 |
| LUZ ELENA D. CHAPA | | |
| JASON PULLIAM | | FACSIMILE NO. |
| JUSTICES | | (210) 335-2762 |

May 8, 2015.

Mary Ann Castro
1501 Olive
Jourdanton, TX 78026

Manuel Castro
PO Box 47776
San Antonio, TX 78265

Sarah Lishman
Jamie Graham & Associates, PLLC
Tower Life Building
310 S. St. Mary's, Suite 845
San Antonio, TX 78205

Joseph Appelt Jr.
Joseph P Appelt PC
5825 Callaghan Rd Ste 104
San Antonio, TX 78228-1106

RE:  Court of Appeals Number:  04-14-00785-CV
     Trial Court Case Number:  2011-CI-15957
     Style:  Mary Ann Castro
            v.
            Manuel Castro

The Appellee's Notice of Motion to Withdraw Counsel has this date been received and filed in the above styled and numbered cause.

Very truly yours,
KEITH E. HOTTLE, CLERK.

Luz Estrada
Deputy Clerk, Ext. 53219

cc: Dinah L. Gaines



# COURT OF APPEALS

SANDEE BRYAN MARION
  CHIEF JUSTICE
KAREN ANGELINI
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JASON PULLIAM
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

May 5, 2015

Joseph Appelt Jr.
Joseph P Appelt PC
5825 Callaghan Rd Ste 104
San Antonio, TX 78228-1106
\* DELIVERED VIA E-MAIL \*

RE:   Court of Appeals Number:   04-14-00785-CV
        Trial Court Case Number:   2011-CI-15957
        Style:  Mary Ann Castro
            v.
            Manuel Castro

      Mr. Appelt Jr., our records show you are the attorney for the appellee. This is to notify you that appellee's brief was due April 29, 2015, but has not been filed. Please respond to this court in writing within ten days of the date of this letter. Your response should state a reasonable explanation for failing to timely file the brief. It should also demonstrate that you are taking affirmative steps to remedy the deficiencies. If you intend for your response to serve as a motion for extension of time, it must comply with Rule 10.5 of the Texas Rules of Appellate Procedure and the Fourth Court of Appeals' local rules.

      If we do not receive an adequate response from you within ten days of the date of this letter, we will set the appeal "at issue," and it will be set for submission without an appellee's brief.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Deputy Clerk, Ext. 53219

cc: Mary Ann Castro



MANUEL G CASTRO JR
1501 OLIVE ST
JOURDANTON, TX 78026-2220

Loan Number:       44675
Property Address:   1501 OLIVE STREET
                    JOURDANTON, TX 78026

### NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Dear MANUEL G CASTRO JR:

This letter is formal notice by BSI Financial Services, Inc. (herein as "BSI") the Servicer of the above-referenced loan, on behalf of MLB SUB I, LLC that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay the amounts due.

The loan is due for 12/01/2011 and subsequent payments, plus late charges, fees and costs. As of today, the total delinquency and reinstatement amount is $73,967.02, which consists of the following:

| | |
|---|---|
| Next Payment Due Date | 12/01/2011 |
| Total Monthly Payments Due: | $66,367.76 |
| (35 @ $1,732.72) | |
| Late Charges | $4,204.26 |
| Other Fees: | $3,395.00 |
| Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | $73,967.02 |

**It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that BSI paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $73,967.02. If the default, together with additional payments that subsequently become due, is not cured by 11/13/2014, BSI will accelerate the note so that the entire debt is immediately due and payable, and take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the property.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, BSI offers consumer assistance programs designed to help resolve delinquencies and avoid FORECLOSURE. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives. If you would like to learn more about these programs, you may contact the Loss Mitigation Department at (800) 327-7861, Monday-Wednesday 8 am to 8 pm EST, Thursday 8 am to 6 pm EST, Friday 8 am to 5 pm EST, Saturday 8 am to 12 pm EST. WE ARE VERY INTERESTED IN ASSISTING YOU.

The default above can be cured by payment of the total delinquency and reinstatement amount plus any





# Comparative Market Analysis

### Property At:

*Prepared For:*
Manuel Castro
1501 Olive
Jourdanton, TX 78026

*Prepared By:*
Archie Marmolejo
All Season Realty



SERVING SOUTH TEXAS
**All Season Realty**

Office Phone: (830) 281-5263
Direct Line: (210) 347-7330
Personal Fax Number: (210) 569-6211
Email: marmolejoarchie@aol.com

*THIS IS A BROKER PRICE OPINION OR COMPARATIVE MARKET ANALYSIS AND SHOULD NOT BE CONSIDERED AN APPRAISAL. In making any decision that relies upon my work, you should know that I have not followed the guidelines for development of an appraisal or analysis contained in the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation.*

*B*

# Seller's Statement
## Property At:

*Prepared For: Manuel Castro*
*1501 Olive*
*Jourdanton, TX 78026*

*Suggested Marketing Price:  $351,375*



*Archie*

"On or about December 1, 2013, I learned that ~~Argentina~~ Marmolejo was a friend of Manuel Castro's lover, and therefore became suspicious of the Market Analysis that he provided to me at the time I signed the Agreement for Final Divorce. I therefore had my own Market Analysis prepared by Karen Potts, who appraised the home at a fair market value of only $184,000.00.

"I have made multiple attempts to refinance the home, as per the terms of the Agreement for Divorce, but have been told that no lender will refinance while the home is still subject to the Manuel Castro's bankruptcy proceeding. Further, I was told that Manuel Castro removed me as an authorized person for the current mortgage holder to communicate with, and I have therefore had an extremely difficult time getting information with respect to the status of the mortgage. All mortgage statements were diverted from my address to Manuel Castro's sister's address, and so I never received any information with respect to the status of mortgage payments after Manuel Castro was ordered to make those payments in the temporary orders.

"I had a credit report done, and from that I learned that the home is currently in default for approximately $60,000.00.

_____
Mary Ann Castro

SIGNED under oath before me on _August 11, 2014_.

_____
Notary Public, State of Texas

GINA S. VILLAGOMEZ
Notary Public, State of Texas
My Commission Expires
February 27, 2017



## Affidavit of Mary Ann Castro

Mary Ann Castro appeared before me in person today and stated under oath as follows:

"My name is Mary Ann Castro. I am above the age of eighteen years, and I am fully competent to make this affidavit. I am the movant in the Motion to Declare Agreement for Final Divorce Void. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"On September 30, 2011, my husband Manuel Castro filed for divorce. At that time, he had already filed for Chapter 13 bankruptcy, and to date, that bankruptcy proceeding has not yet been discharged.

"In the temporary orders for this divorce, Manuel Castro was ordered to make all mortgage payments on our home, 1501 Olive Street, Jourdanton, Texas 78026, where I still reside.

"On October 30, 2013, Manuel Castro and I entered into an Agreement for Final Divorce, dividing up our marital estate. Manuel Castro never informed me prior to executing this Agreement for Final Divorce that he had failed to make mortgage payments as ordered in the temporary orders and the house was in default.

"Prior to executing the Agreement for Final Divorce, Manuel Castro provided me with a Market Analysis prepared by ~~Argentina~~ Marmolejo, which represented the fair market value of the house to be $351,375.00. I relied on this Market Analysis when agreeing to the property division in the Agreement for Final Divorce.

"The Agreement for Divorce awarded me the home, but required me to refinance by February 28, 2014.

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | ) | IN THE DISTRICT COURT |
| MANUEL G. CASTRO | ) | |
| AND | ) | BEXAR COUNTY, TEXAS |
| MARY ANN CASTRO | ) | 45TH JUDICIAL DISTRICT |

---

## HEARING ON MOTION TO DECLARE AGREEMENT FOR FINAL DIVORCE VOID

---

On the 29th day of September, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Laura Salinas, Judge Presiding, held in San Antonio, Bexar County, Texas.

Proceedings reported by computerized stenotype machine.

# APPEARANCES

JOSEPH P. APPELT
SBOT NO. 00789809
Joseph P. Appelt, P.C.
5825 Callaghan Road, Suite 104
San Antonio, Texas 78228
Telephone: (210)375-1212
Attorney for Petitioner

SARAH ANNE LISHMAN
SBOT NO. 24086267
JAMIE L. GRAHAM
SBOT NO. 24027335
310 S. St. Mary's Street, Suite 845
San Antonio, Texas 78205
Telephone: (210)308-6448
Attorney for Respondent

TINA PACHECO, Pro Se Respondent

I N D E X

Statements of Counsel............................... 4

WITNESS                 DIRECT     CROSS

MARIA DINORAH DIAZ       9          16

Court's Ruling.................................... 31

Court Reporter's Certificate....................... 34

4

(September 29, 2014, 9:12 a.m.)

THE COURT: Cause Number 2011-CI-15957. Can I have everyone identify themselves for the record, please?

MS. LISHMAN: Sarah Anne Lishman for Mary Ann Castro. She's the movant in this case.

THE COURT: Okay.

MR. APPELT: Joseph Appelt representing Manuel Castro, the respondent to their motion, the petitioner in the original cause. Also present is Manuel Castro and, technically, pro se is Christina -- your last name.

RESPONDENT PACHECO: Pacheco.

MR. APPELT: Pacheco. Who had been interpled as a third party defendant during the divorce. But I'm ready for Manuel Castro.

THE COURT: Okay. And, so, Ms. Lishman, this is your motion, correct?

MS. LISHMAN: Yes, Your Honor. This actually is the fourth time that we've brought this matter to court. It's a motion to declare agreement for final divorce void.

Basically, the parties entered into an agreement for final divorce about a year ago, on October 30th, 2013, and we believe that that agreement

is void as a matter of law because at that time there was a bankruptcy pending. Mr. Castro was the debtor in bankruptcy, and there was no lifting of the automatic stay for the purpose of dividing the property that was subject to the bankruptcy court jurisdiction at that time, as is required by law.

The last time that we were here we spoke in chambers. So just to get on record a timeline of events, basically, this divorce was filed in 2011. Thereafter, Mr. Castro filed for bankruptcy. Temporary orders were entered in this matter, I think in 2012 -- maybe 2011 or 2012. But under the terms of those temporary orders, Mr. Castro was required to make mortgage payments on the marital residence, which he failed to do so. And since that time no mortgage payment has been made for the residence that Mrs. Castro is residing in and still currently residing in.

This agreement was entered -- was -- it's a handwritten agreement, October 30th, 2013, and the issue is that there was no lifting of the automatic stay, so we believe it's void as a matter of law.

The other issue is that this agreement was signed by or purports to be signed by all the parties and Judge Canales, but there's no recitation that this was actually a rendition of final judgment, and there

was no record made. There's no judge's notes from that day and this agreement was never filed.

So there's no evidence that this agreement was ever a rendition of final judgment. And, so, we believe because it was not rendered, there's no ministerial duty binding on the Court to enter a final order on the terms of this agreement.

THE COURT: Okay. And I have the cases.

MS. LISHMAN: Door versus State was the case on point, and then I also handed you, last time, another case citing, York versus State, for the same proposition, that an agreement or an order entered in violation of the stay is void as a matter of law. York versus State is a Texas Supreme Court case.

And if -- and also for the issue of rendition, I brought another case -- it's Gamboa v. Gamboa -- saying that rendition of an order is an oral pronouncement in open court or it has to be in a written and filed memorandum. And at this time we believe there's no evidence that there is a written and filed memorandum, and no evidence that there was an oral pronouncement.

THE COURT: Okay. Well, let me, I guess, hear from Ms. Diaz first. But I did look into all these issues. So if you want to go ahead and call her as a

witness.

MR. APPELT: Yeah. I call Dinorah Diaz. She should be sitting right outside.

MS. LISHMAN: And, Your Honor, I just wanted to express to the Court, I think I mentioned this last week, but just so it's on the record, I am objecting to her testimony. I think it's a conflict of interest because at the time she was representing Mrs. Castro. I feel that if she's being called as a fact witness now she has a clear conflict of interest, and I also believe that her testimony is easily covered by the attorney/client privilege.

And I'm also objecting to her testimony on the basis of hearsay, because anything that she would have to testify that would prove that there was an oral pronouncement on this is hearsay. It's an out-of-court statement made for the truth of the matter, and, so, all of it would be hearsay, Your Honor.

THE COURT: Okay. You can bring her in.

MR. APPELT: And I've got Judge Canales on subpoena, too, Judge, but --

(Pause)

MS. LISHMAN: Your Honor, while we're waiting for her, I'm not sure -- in a prior hearing on this matter I invoked the Rule, so if there's any other

witnesses I'd like to invoke the Rule.

THE COURT: Anybody else that's going to testify?

MR. APPELT: The only one might be Manuel Castro, but that's going to be it, Judge.

THE COURT: All right. Raise your right hand, please.

(Witness sworn)

THE COURT: State your name for the record, please.

THE WITNESS: Maria Dinorah Diaz. D-I-A-Z.

THE COURT: And, Ms. Diaz, I understand you represented Ms. Castro previously in this matter?

THE WITNESS: Yes, Your Honor.

THE COURT: Okay. So I don't want you discussing anything that is attorney/client related. It's a very narrow scope and it's going to be strictly with regards to the appearance in court -- the appearance in presiding court October 30th, 2013 in front of Judge David Canales, and that's it.

THE WITNESS: Yes, Your Honor.

THE COURT: All right. You may proceed.

MR. APPELT: May I approach the court reporter to get an exhibit --

THE COURT: Yes.

MR. APPELT: -- marked, Judge? Actually, before I do that, Judge, let me ask a couple of questions.

MARIA DINORAH DIAZ,

being first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. APPELT:

Q. Ms. Diaz --

A. Yes, sir.

Q. -- you are here because I subpoenaed you; is that correct?

A. Yes, sir.

Q. You did not volunteer to come here. You are -- but for my subpoena, you would not be here; is that correct?

A. Correct.

Q. A fair statement?

And for the benefit of -- I guess I know the Court knows and the attorneys know, but what is the effect if a witness disobeys a subpoena? What can happen to that witness?

A. Well, they can get found in contempt. They can be arrested and held in the Bexar County Jail overnight to ensure that they appear in court.

Q. And in my questioning I don't want to go anywhere near any type of attorney/client discussions at all. It's just going to be about procedural aspects of what you recall occurred on or about October 30th of 2013.

MR. APPELT: And with that, may I approach the witness, Your Honor?

THE COURT: You may.

Q. (BY MR. APPELT) Ms. Diaz, I'm going to hand you what's been previously marked Petitioner's Exhibit Number 1. I believe it consists of four pages. And flip through there, please, if you would, and when you're done I have some questions for you about it.

A. (Witness complying) Yes.

Q. Do you recognize Petitioner's Exhibit Number 1?

A. Yes.

Q. And what do you recognize that to be?

A. An agreement for a final divorce regarding Manuel Castro and Mary Ann Castro.

Q. And at the time that this agreement was entered, were you Mary Ann Castro's attorney of record?

A. Yes, sir.

Q. Did you participate that day, on or about October 30th, in the negotiations between the parties which resulted in this handwritten agreement?

at all in this final agreement.

THE COURT: All I'm deciding is whether this agreement -- I'm not going to deal with the substance of the agreement, merely whether this was a final divorce or not. That's the issue before me.

Q. (BY MS. LISHMAN) Ms. Diaz, does this agreement for final divorce dispose of all of the issues that were pending in this divorce, to your recollection?

A. I believe so.

Q. Is it generally a common practice for attorneys to address issues pending from temporary orders in a final order?

A. I guess it depends on the case.

Q. So, hypothetically speaking, if there was about $20,000 owed under temporary orders, is that an issue that an attorney would put in the final order?

A. It depends.

Q. What does it depend on?

A. It depends on what the parties want, what they agreed to and what's discussed, and whether or not it's relevant and whether or not -- and I don't really want to get into the attorney/client discussions with Ms. Castro, but it would depend on those things, too.

Q. At the time -- October 30th, 2013, at the time you wrote this agreement for final divorce, were you

aware that Mr. Castro was in bankruptcy at that time?

A.    It was represented to me, yes, ma'am.

Q.    Did you have any reason to believe he was not in bankruptcy at that time?

A.    No, ma'am.

Q.    And were you aware that with the bankruptcy pending that all property was subject to the bankruptcy court jurisdiction?

A.    The property concerning real estate, that that was listed in the bankruptcy, yes.

Q.    And does that include the residence on Olive Street -- 1501 Olive Street?

A.    Yes.  I believe it did.

Q.    And, so, as an attorney, is it common practice to make dispositions of property that are subject to a bankruptcy court's proceeding?

A.    If there is a lift stay.

Q.    Was there a lift stay in this case?

A.    It was represented to me that there was and there was a document at -- a document that was presented to me at the time.  And there were those representations made to the Court.  And as an officer of the Court, when representations are made by attorneys, then we usually, you know, believe them.

Q.    Who made the representation to you that the

stay had been lifted?

A.  Opposing counsel.

Q.  And that's Mr. Appelt?

A.  Yes.

Q.  And when did he make that representation?

A.  Well, I think -- I don't know if it was that day or if it was prior.  I know that that was one of the issues as to why it was, you know, taking a long time.

Q.  And did you, yourself, do any due diligence to follow up on that to ensure that the stay had been lifted?

A.  I did the due diligence necessary.

Q.  And what does that entail?

A.  To review the document that was given to me and taking the word of counsel.

Q.  And what document was that?

A.  It was a letter or paper.  I don't remember.

Q.  And, so, you also testified that there was a representation made to the Court that the stay had been lifted.  Are you saying that it was represented to Judge Canales on October 30th, 2013 that the stay in bankruptcy was lifted?

A.  That's what I believe, yes.

Q.  Why do you believe that?

A.  Because that was one of the issues.

Q.   But do you have any specific memory of it being represented on that day to the Court, to Judge Canales, that there was a bankruptcy pending and that the stay had been lifted?

A.   You know, I don't recall.  It could have been at, maybe, a temporary order or -- you know, hearing. I'm not sure.

Q.   Do you recall if the bankruptcy was mentioned in front of Judge Canales at all on October 30th, 2013?

A.   I think it may have been.  I believe it was, but I'm not certain.

Q.   And have you subsequently learned that the stay in the bankruptcy was not actually lifted?

A.   Yes.

Q.   And, so, is there -- is there any obligation on you, as the attorney that entered into this agreement with your client, to correct or reform that deficiency?

MR. APPELT:  I'm going to object to the relevance for the purpose of this hearing, Judge, 'cause it's --

THE COURT:  Sustained.

Q.   (BY MS. LISHMAN) The terms of this agreement require Ms. Castro to refinance the marital residence on Olive Street within a certain period of time.  Is that correct?

A.    That's what was ordered by the Judge, and we reduced it to writing and included it in the decree, yes.

Q.    So the sole disputed issue was the time period for refinancing the marital residence.  Is that correct?

A.    That's what I recall.

Q.    And are you recalling based on your actual memory or from reviewing this written agreement?

MR. APPELT:  Judge, I believe that was asked and answered about 10 minutes ago.

THE COURT:  Sustained.

Q.    (BY MS. LISHMAN) Is it your -- was it your understanding at the time this agreement was written by you and signed by the parties that all of the terms of this agreement could have been performed by your client, specifically that she could have refinanced the home with the bankruptcy pending at that time?

MR. APPELT:  Judge, I'm going to object again.  I don't -- as I recall, the purpose of this hearing was not to get into the substance of the agreement.  It was to whether or not this was actually proved up, the divorce, that is, before Judge Canales in open court.

THE COURT:  Sustained.

Q.    (BY MS. LISHMAN) Did you put on any proof that

day from your recollection or not -- I guess -- the term "put on proof" refers to putting it on the record; is that correct?

A.   Not necessarily.

Q.   Do you remember on that day if the specific items on this agreement for final divorce were discussed with Judge Canales prior to him signing this agreement?

A.   What do you mean by "discussed"?

Q.   Well, you testified that you established the residency requirements, the jurisdictional requirements for getting a divorce in Texas.  Is that correct?

A.   Come again.

Q.   When you went before Judge Canales you established the residency requirements and the jurisdictional requirements for a divorce in Texas.  Is that correct?

A.   Meaning me or the parties?  Like the attorneys together, yes.

Q.   When you were in front of Judge Canales on October 30th.

A.   Yes.  I believe Mr. Appelt asked the questions of his client.

Q.   And do you recall if the specific provisions dealing with divisions of specific items of property were discussed with Judge Canales prior to him signing



## APPRAISAL OF REAL PROPERTY

### LOCATED AT:
8165 FM 2146
9.45 Acres, J. Poitvent Survey #1, Abstract 1239
Jourdanton, TX 78026

### FOR:
Advantage Mortgage
6601 Blanco Road, Suite 100
San Antonio, Texas 78216

### AS OF:
December 19, 2005

### BY:
Angela R. Overley
13730 Adobe Walls Drive
Helotes, Texas 78023

(210) 695-4400

Form GA1 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

# Uniform Residential Appraisal Report

Castro, Manuel
File # 8306

There are **3** comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 225,000 to $ 255,000
There are **4** comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 220,000 to $ 240,000

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 1501 Olive St. | 5920 FM 1332 | | 231 Hayden Road | | 770 Tom Road | |
| | Jourdanton | Jourdanton | | Pleasanton | | Pleasanton | |
| Proximity to Subject | | 2.38 miles | | 3.42 miles | | 6.15 miles | |
| Sale Price | $ Refinance | $ 240,000 | | $ 220,000 | | $ 224,250 | |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 133.85 sq.ft. | | $ 85.64 sq.ft. | | $ 90.42 sq.ft. | |
| Data Source(s) | | MLS#512184/Agent | | MLS#546896/Agent | | MLS#547580/Agent | |
| Verification Source(s) | | Deed Records | | Deed Records | | Deed Records | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing Concessions | | Cash | | Conventional $0.00 | | Conventional $0.00 | |
| Date of Sale/Time | | 02/05 | | 09/05 | | 08/05 | |
| Location | Good | Good | | Good | | Inferior/Out | +10,000 |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 9.45 Acres | 25 Acres | -22,500 | 1 Acre | +20,000 | 10 Acres | |
| View | Countryside | Countryside | | Countryside | | Countryside | |
| Design (Style) | 1-Story | 1-Story | | 1-Story | | 1-Story | |
| Quality of Construction | Average | Average | | Good | | Average | |
| Actual Age | 0 | 17Yrs/5 Effect. | +5,000 | 5 Years | +5,000 | 0 | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade | Total | Bdrms. | Baths | Total | Bdrms. | Baths |
| Room Count | 6 | 3 | 2 | 6 | 3 | 2 |
| Gross Living Area | 2,397 sq.ft. | 1,793 sq.ft. | +18,120 | 2,569 sq.ft. | -5,160 | 2,480 sq.ft. | -2,490 |
| Basement & Finished Rooms Below Grade | None | None | | None | | None | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Central H&A | Central H&A | | Central H&A | | Central H&A | |
| Energy Efficient Items | Average | Average | | Average | | Average | |
| Garage/Carport | Pad Parking | Pad Parking | | 2-Car Garage | -5,000 | 2-Car Garage | -5,000 |
| Porch/Patio/Deck | Porches | Porches | | Porches | | Porches | |
| Fireplace | Fireplace | Fireplace | | Fireplace | | Fireplace | |
| | | Metal Barn | -10,000 | Swimming Pool | -10,000 | | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 9,380 | ☒ + ☐ - $ | 1,840 | ☐ + ☒ - $ | 1,490 |
| Adjusted Sale Price of Comparables | | Net 3.9 % Gross 23.2 % $ | 230,620 | Net 0.8 % Gross 21.9 % $ | 221,840 | Net 0.7 % Gross 9.6 % $ | 222,760 |

Note on Room Count row — additional comparable values: COMPARABLE SALE #2: Total 9, Bdrms 4, Baths 2.5, adjustment -3,000; COMPARABLE SALE #3: Total 9, Bdrms 4, Baths 3, adjustment -4,000.

☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s) **San Antonio MLS**
My research ☐ did ☒ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s) **San Antonio MLS**
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | See Comments | | | |
| Price of Prior Sale/Transfer | Below. | None | None | None |
| Data Source(s) | | | | |
| Effective Date of Data Source(s) | | | | |

Analysis of prior sale or transfer history of the subject property and comparable sales    The subject is under construction and has not transferred in the past 36 month period. The sales used in this appraisal have not transferred in the 12 months prior to the above noted transaction.

Summary of Sales Comparison Approach    Equal emphasis was given all sales. Sale 1 was superior in acreage and metal work shop. It was inferior in age and living area. Sale 2 was inferior in acreage and age, but superior in baths, living area, garage and swimming pool. Sale 3 was equal in site site, but inferior in value because it was located out in the county. It was superior in baths, living area and garage. It was necessary to use sales that closed over 6 months ago and to go over 6 miles for comparable sales due to the low density of development in the subject's market area and the need for home sales on acreage tracts. The subject is considered a "mini ranch" and these types of residential properties are becoming increasingly popular in the market.

Indicated Value by Sales Comparison Approach $ **225,000**

Indicated Value by: Sales Comparison Approach $ **225,000**   Cost Approach (if developed) $ **228,790**   Income Approach (if developed) $ **N/A**

Greatest emphasis was given the market data approach, because it best reflects the actions of buyers and sellers in the marketplace. The cost approach also supports the value. The income approach was not used due to insufficient rental data necessary to develop an indication of value.

This appraisal is made ☐ "as is", ☒ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair: None

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$ **225,000**, as of **December 19, 2005**, which is the date of inspection and the effective date of this appraisal.

Form 1004 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE



*I'm not signing this fraud agreement - Request Trial*

NO. 2011 CI 15957

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| MANUEL G. CASTRO | § | 45TH JUDICIAL DISTRICT |
| AND | § | |
| MARY ANN CASTRO | § | BEXAR COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On October 30, 2013 the Court heard this case.

*Appearances*

Petitioner, MANUEL G. CASTRO, appeared in person and through attorney of record,
JOSEPH P. APPELT, and announced ready for trial.

Respondent, MARY ANN CASTRO, appeared in person and through attorney of record,
DINORAH M. DIAZ, and announced ready for trial.

Third party Respondent, TINA PACHECO, appeared in person and announced ready for
trial. *Committed fraud on the* *The girl friend who* *martial property -* *( Lets suit ) !!*

Record

The making of a record of testimony was waived by the parties with the consent of the
Court. *I didn't wave record of testimony ,*

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the
allegations, information, and prerequisites required by law. The Court, after receiving evidence,
*↳ False*
finds that it has jurisdiction of this case and of all the parties and that at least sixty days have
elapsed since the date the suit was filed. *Attorney Diaz refused to correct! her error*

The Court further finds that, at the time this suit was filed, Petitioner had been a

1

interest, and claim in and to that property:

H-1.   All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control.

H-2.   All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-3.   All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-4.   All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment.

*I do Not agree the agreement is Fraud*

H-5.   All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the husband's name.

H-6.   The 1999 Subaru motor vehicle, together with all prepaid insurance, keys, and title documents.

*→ He bought with Foreclosure money, his Attorney lied said I committed fraud*

Property to Wife

IT IS ORDERED AND DECREED that the wife, MARY ANN CASTRO, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

3

same date, but signed on ___October 5, 2014___.

_Janet Littlejohn_ (signature)
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Joseph P. Appelt, P.C.
Attorney at Law
5825 Callaghan Rd. Ste. 104
San Antonio, TX 78228
Tel: (210) 375-1212
Fax: (210) 375-1213

By: _____
JOSEPH P. APPELT
Attorney for Petitioner
State Bar No. 00789809

~~M. Dinorah Diaz~~
~~Attorney at Law~~
~~2325 Vance Jackson~~
~~San Antonio, Texas 78213~~
~~Tel: (210) 341-3488~~
~~Fax: (210) 341-3762~~

The Law Offices of Jamie L. Graham
Tel.: (210) 308-6448

By: _____
~~DINORAH M. DIAZ~~ Sarah Anne Lishman
Attorney for Respondent
State Bar No. ~~05804750~~
24086267

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
Petitioner

_____
Respondent

*(handwritten annotations: "Lawsuit Castro Appelt Pacheco Dinorah Diaz", "I'm not signing Lawsuit", "Trial")*

13

F

3.   On or about August 31, 2012, MANUEL GUADALUPE CASTRO, JR. hereinafter Debtor filed a Voluntary Petition For Relief under Chapter 13 of the Bankruptcy Code, thereby initiating the above-noted Bankruptcy Case. MARY K. VIEGELAHN is the duly appointed and acting Chapter 13 Trustee.

4.   On March 07, 2006, Manuel G. Castro Jr executed an Adjustable Rate Note ("Note") in the original principal amount of $191,250.00, payable to the order of Wells Fargo Bank, N.A.

5.   Concurrently with the execution of the Note, Manuel G. Castro Jr and Mary Castro, Husband and wife, executed a Deed of Trust granting a lien on certain real property ("Property") to secure payment of the Note. Mary Castro is not a debtor in this bankruptcy, but is protected by the Co-Debtor Stay of 11 U.S.C. §1301.

The Deed of Trust grants a lien on the Property described as follows:

BEING A 9.45 ACRE TRACT SITUATED IN THE POITEVENT SURVEY, ABSTRACT 1239, ATASCOSA COUNTY, TEXAS, AND BEING THAT SAME 9.45 ACRE TRACT AS CONVEYED BY THOMAS F PERKS AND LOLA M. PERKS TO MANUEL G. CASTRO AND MARY A. CASTRO RECORDED IN VOLUME 152, PAGE 442, OFFICIAL PUPLIC RECORDS OF ATASCOSA COUNTY, TEXAS; SAID 9.45 ACRE TRACT SURVEYED BY JEFFREY B. BERGER, R.P.L.S. NO. 5558 ON AUGUST 19, 2005 AND BEING MADE PARTICULARLY DESCRIBED ON EXHIBIT "A" ATTACHED TO THE DEED OF TRUST.

Also known as:
1501 OLIVE STREET
JOURDANTON, TX 78026

The Deed of Trust was duly recorded in ATASCOSA County Deed Records.

6.   Debtor alleges to be the current owner of record of the Property. The Confirmed Chapter 13 Plan provides for direct ongoing payments.

7.   Debtor is in default on the obligation to Movant in that Debtor has failed to make installment payments when due and owing pursuant to the terms of the above-described Note.

8.   As of August 26, 2014, the status of the indebtedness is as follows:

a)   Debtor is due for November 2012 post petition and subsequent months. Payments are currently $2,448.04 per month. The unpaid principal balance due and owing to Movant on the Note is $220,897.72

b)   Additional fees have been incurred, including Movant's reasonable attorney fees and costs in an amount allowable by local practice, rule, or order.

# UNITED STATES BANKRUPTCY COURT
## Western District of Texas

Bankruptcy Case No.: 12–52696–cag
Chapter No.: 13
Judge: Craig A. Gargotta

IN RE: Manuel Guadalupe Castro, Jr., Debtor(s)

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing will be held

at    S.A. Courtroom 3, Hipolito F. Garcia Fed Bldg & Courthouse, 615 E. Houston St., San Antonio, TX 78205

on    9/29/14 at   09:00 AM

Hearing to Consider and Act Upon the Following: (Related Document(s): 63 Motion for Relief from Stay And Against Co–Debtor (1501 Olive Street, Jourdanton, TX 78026)(14 Day Objection Language) ( Filing Fee: $ 176.00 ) filed by Angela K. Randermann for Creditor BSI Financial Services, as Servicer for Wells Fargo Bank, N.A. (Attachments: # 1 Affidavit # 2 Exhibit)) Hearing Scheduled For 9/29/2014 at 09:00 AM at SA Courtroom 3 (Esquivel, Maria)

Dated: 9/5/14

Yvette M. Taylor
Clerk, U. S. Bankruptcy Court

( 210 ) 472-5~~5~~~~876~~
6780

[Hearing Notice (BK)] [NtchrgBKap]

025169                    7490502519401 3



Exhibit F

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

IN RE:                                    §        CASE NO.:  12-52696G
                                          §
MANUEL GUADALUPE CASTRO JR.               §
                                          §
Debtor                                    §

## TRUSTEE'S AMENDED OBJECTION TO MOTION TO
## LIFT STAY TO PROCEED WITH DIVORCE
## AND REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Mary K. Viegelahn, Chapter 13 trustee and files this, her Chapter 13 Trustee's Amended Objection to the above-referenced Motion.

The Chapter 13 Trustee does not approve the afore-mentioned motion for the following reasons:

The Trustee opposes the Motion to Lift Stay to proceed with Divorce filed July 16, 2014 by Malaise Law Firm on Maryann Castro's behalf.   The Debtor and Maryann Castro have previously entered into an agreement for final divorce on October 20, 2013.   Both Debtor and Ms. Castro were represented by counsel and signed the agreement.   The Trustee asserts the parties cannot re-litigate the terms of the agreement including the terms of the property settlement.

WHEREFORE, the Trustee requests the Court deny the motion for the reasons stated above and set it for hearing on the next available hearing date.   The Trustee further asks the Court for any other relief to which she may be entitled.

Dated: July 29, 2014

Respectfully submitted,

/s/ Jessica L. Hanzlik
JESSICA L. HANZLIK  TSBN: 24055661
STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE
jhanzlik@sach13.com
1050 Heritage Blvd, Ste. 201
San Antonio, TX.  78216
(210)824-1460  fax: (210) 824-1328



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-52696-CAG-13 |
| MANUEL GUADALUPE CASTRO, JR. | § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |
| BSI FINANCIAL SERVICES, AS SERVICER | § | |
| FOR WELLS FARGO BANK, N.A. ITS | § | |
| SUCCESSORS AND ASSIGNS | § | |
| MOVANT | § | |
| VS. | § | |
| MANUEL GUADALUPE CASTRO, JR., | § | |
| DEBTOR, MARY CASTRO, CO-DEBTOR | § | |
| AND MARY K. VIEGELAHN, TRUSTEE | | |
| RESPONDENTS | | |

## DEFAULT ORDER LIFTING AUTOMATIC STAY AND CO-DEBTOR STAY AS TO 1501 OLIVE STREET, JOURDANTON, TX 78026

CAME ON before the Court for consideration the Motion for Relief from Automatic Stay of Act Against Property filed by **BSI FINANCIAL SERVICES, AS SERVICER FOR WELLS FARGO BANK, N.A., ITS SUCCESSORS AND ASSIGNS** (Movant) in the above-styled proceeding against Debtor and Co-Debtor, Mary Castro . It appearing to the Court that proper notice to interested parties has been provided under law, including local Bankruptcy Rules 4001 and 9013, and that no party has appeared in opposition to Movant's Motion, it is accordingly:

# Your New Benefit Amount



BENEFICIARY'S NAME: MARYANN CASTRO

Your Social Security benefits will increase by 1.7 percent in 2015 because of a rise in the cost of living. You can use this letter when you need proof of your benefit amount to receive food, rent, or energy assistance; bank loans; or for other business. Keep this letter with your important financial records.

## How Much Will I Get And When?

- Your monthly amount (before deductions) is                                    $1,148.90
- The amount we deduct for Medicare medical insurance is                         $104.90
  (If you did not have Medicare as of Nov. 20, 2014,
  or if someone else pays your premium, we show $0.00.)
- The amount we deduct for your Medicare prescription drug plan is               $0.00
  (If you did not elect withholding as of Nov. 1, 2014, we show $0.00.)
- The amount we deduct for voluntary Federal tax withholding is                  $0.00
  (If you did not elect voluntary tax withholding as of
  Nov. 20, 2014, we show $0.00.)
- After we take any other deductions, you will receive                          $864.00
  on or about Jan. 2, 2015.

If you disagree with any of these amounts, you must write to us within 60 days from the date you receive this letter. We would be happy to review the amounts.

You may receive your benefits through direct deposit, a Direct Express® card, or an Electronic Transfer Account. If you still receive a paper check and want to switch to an electronic payment, please visit the Department of the Treasury's Go Direct website at *www.godirect.org*.

are busiest early in the week, early in the month, as well as during the week between Christmas and New Year's Day; it is best to call at other times. If you are deaf or hard of hearing, call our TTY number, 1-800-325-0778. If you are outside the United States, you can contact any U.S. embassy or consulate office. Please have your Social Security claim number available when you call or visit and include it on any letters you send to Social Security. If you are inside the United

RECEIPT FOR YOUR CLAIM FOR SUPPLEMENTAL SECURITY INCOME
RECEIPT DATE: March 22, 2001

MARYANN CASTRO                                    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

*CR: A. MOLINA* (handwritten)

If you have a question or something to report call (210) 5345443. For general information about Social Security, visit our web site at www.ssa.gov on the Internet.

You may visit or write to the Social Security Office at:

SOCIAL SECURITY     *(Mr Johnson)* (handwritten)
ROOM 101
4100 S NEW BRAUNFELS
SAN ANTONIO TX 78223     *(8/6/01)* (handwritten)     *Ms. Lopez* (handwritten)

We will process your application for Supplemental Security Income as quickly as possible. You should hear from us within __*120*__ days. If you do not hear from us by then, please get in touch with us.

We will let you know if we need more information to decide if you are eligible for SSI payments. In the meantime, if you move or change your mailing address, you--or someone for you-- should report the change to the office shown above.

Also, you (or someone for you) must let us know if you are admitted to a hospital or other medical facility. You could lose some SSI payments if you do not let us know right away.

Always give your Social Security number when writing or telephoning about your claim. If you have any questions about your claim, we will be glad to help you.

     MARYANN CASTRO
     919 SUTTON APT 22
     SAN ANTONIO, TX 78228



# James E. Dickson Jr., M.D.
Diplomate American Board of Psychiatry and Neurology
14815 San Pedro Ave.
San Antonio, Texas 78232
Phone: (210) 494-1991
Fax: (210) 494-7575

January 31, 2013

To Whom It May Concern:

This is to confirm that Mary Ann Castro has been a patient of mine beginning with her initial evaluation with me on 3/2/01. She has past psychiatric diagnoses of Major Depression, and Panic Disorder. In addition she also exhibited some symptoms consistent with Attention Deficit Disorder. She was last seen by me on 12/21/11.

Sincerely,

James Dickson Jr., M.D.

# Erlinda E. Belvis, M.D.
## Diplomate, American Board of Psychiatry & Neurology

ROSA VERDE TOWERS
343 WEST HOUSTON, SUITE 710
SAN ANTONIO, TEXAS 78205
TELEPHONE (210) 225-4251

FAX (210) 225-4254

February 25, 2013

To Whom It May Concern,

RE:     Mary Ann Castro
DOB:    9-23-65

This is to inform you that Ms. Castro is under my professional care.

She has a mood disorder and has a diagnosis of Bipolar Affective Disorder, Mixed. She has problems coping with her stressors.

If you have any further inquiries please refer them to my office.

Very truly yours,

Erlinda E. Belvis, M.D., FAADEP

EEB: mre

Appellee Manuel Castro
Mistress Christina Pacheco
We were married when Exhibit IE photo was taken

I



# ATASCOSA COUNTY SHERIFF'S OFFICE

I

1108 Campbell Ave.

Jourdanton, Texas 78026

Office-(830) 769-3434

Fax-(830) 769-2721

atascosa.county.sheriff@acso-tx.org

David Soward

Sheriff

# CRIMINAL TRESPASS WARNING

Complainant/Property Owners: _MARY ANN CASTRO_

Regarding Case # _13-04187_ Dated _7-2-2013_. The Atascosa County Sheriff's Department has been requested by the above named complainant to act with the authority in the following:

## Texas Penal Code Section 30.05-Criminal Trespass

(a) A person commits an offense if the person enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft or other vehicle, without the effective consent and the person:

    (1) Had notice that the entry was forbidden; or

    (2) Received notice to depart but failed to do so.

This written order is hereby served to the below individual, imparting immediate, effective notice that entrance onto the property to wit; _1301 olive st Jourdanton TX 78026_ in Atascosa County is forbidden. By order of the complainant/property owner's, entrance to the property described above is forbidden until complainant has contacted the Atascosa County Sheriff's Office in person and in writing, asking that the Criminal Trespass Notice be lifted. Any entrance onto the above listed property will constitute a violation of the law. A violation of the Texas Criminal Trespass statue may be subject for criminal prosecution under Texas Law, punishable by confinement in jail for a term not to exceed one (1) year and/or a fine not to exceed $4,000.00.

_Christine Pacheco_ acknowledge that I have received, read, and understand the above written Criminal Trespass Warning, and that I have received a copy of the same.

_Christine Pacheco_     _5/24/64_        _Christine Pacheco_      _7/2/13_

Name of Person Warned       Date of Birth        Signature            Date

_#624_       _7-2-2013_

Deputy's Signature       Date

EX h i b i t III

INBOX

From: Two Fuck Liar Adrian Scott at

This is not around your divorce court

appointed attorney your own attorney

how sad I don't want you

Oct 2, 2:48 pm

Exhibit II

INBOX

From: Two Face Liz Adulter Soon e
You slap you crazy.
Oct 10, 3:49 pm

REPLY                    Qui

Exhibit III

